UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Betty Lee Jenkins, | Case No. 23-cv-425 (WMW/DTS) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Michael Segal, | |
| Respondent. | |

Petitioner Betty Lee Jenkins brought a habeas petition under 28 U.S.C. § 2241 seeking application of earned time credits (TCs) under the First Step Act of 2018 (FSA). Dkt. Nos. 1, 9. Citing 18 U.S.C. § 3632(d)(4)(E)(i), Respondent contends Jenkins is ineligible for application of her TCs because she is subject to a final order of deportation. The Court agrees with Respondent and recommends Jenkins's petition be denied.

**FINDINGS OF FACT**

Jenkins is currently incarcerated at the Federal Corrections Institution, Waseca, Minnesota. Dkt. No. 1, at 1. She is serving a 126-month term of imprisonment with four years of supervision for conspiracy to manufacture 100 or more marijuana plants and maintaining a drug involved premises. *See* Judgment in a Criminal Case, Dkt. No. 10, at 13. Jenkins's projected release date is December 14, 2023. Gov. Ex. A; Dkt. No. 7-1. At the time of Jenkins's petition, she was subject to a final order of deportation to Canada, issued on June 25, 2020. Gov. Ex. B; Dkt. No. 7-2. As of January 12, 2023, the date of Jenkins's last FSA assessment, she had earned the maximum allowed TCs toward her release, at 365 days. *See* FSA Time Credit Assessment, Dkt. No. 1-1;

18 U.S.C. § 3624(g)(3). While her FSA assessment acknowledges she is in accrual status, it further states she "Cannot apply FTC," with the notation "Detainer: Yes." Dkt. No. 1-1.

## CONCLUSIONS OF LAW

Under 18 U.S.C. § 3632(d)(4)(E)(i) "In General – A prisoner is ineligible to apply time credits under subparagraph (C)[1] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." Jenkins acknowledges that her deportation order precludes the application of TCs earned after the date of that order. Nevertheless, her petition contends the BOP's refusal to apply the TCs she earned prior to that date—from the beginning of her incarceration through June 24, 2020—is unlawful. The result of applying those credits, she claims, would be her immediate release. Dkt. No. 1.

The crux of the question is whether § 3632(d)(4)(E)(i) precludes application of all TCs for an inmate with a final order of removal, or only those earned after issuance of such an order. In interpreting the meaning of a statute, courts begin with the text itself and presume Congress "says in the statute what it means and means in the statute what it says." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). Where the statutory text is unambiguous, the text is both the beginning and the end of the inquiry. *Id.* (citing *Lamie v. United States Trustee*, 540 U.S. 526, 524 (2004). Here, the text of the statute is

---

[1] Subparagraph (C) provides "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

2

clear and unambiguously asserts that prisoners like Jenkins who are subject to a final order of removal cannot apply any earned TCs. That plain text does not suggest Congress cared about when the deportation order was issued; instead it precludes application of TCs simply "*if* the prisoner is the subject of a final order of removal." 18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added).

Though further inquiry is not required given the clarity of the text, this interpretation comports with the application of TCs more broadly. While TCs are earned gradually over the course of a prisoner's incarceration, they are only applied once, at the time when the earned credits are equal to the time remaining in a prisoner's sentence. 18 U.S.C. § 3632(g)(A); *see also Ronald David Johnson v. B. Eischen,* 2023 WL 2563148 (D. Minn. Feb. 22, 2023) ("[A] prisoner is eligible to have earned time credits applied…only when he has earned time credits that equal the remainder of his sentence. At that time, the credit can immediately be applied and would no longer be subject to loss for future prohibited acts.") (citation omitted). Despite Jenkins's earning TCs prior to the issuance of her deportation order, that she has such an order against her when those TCs would be applied precludes application of the credits.

Because the Court can resolve Jenkins's habeas petition on the record, an evidentiary hearing is not necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983).

3

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS Jenkins's habeas petition [Dkt. No. 1] be DENIED.

Dated: April 26, 2023

s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).