UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Betty Lee Jenkins,

Petitioner,

v.

Warden Michael Segal,

Respondent.

Case No. 23-cv-0425 (WMW/DTS)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the April 26, 2023, Report and Recommendation ("R&R") issued by United States Magistrate Judge David T. Schultz. (Dkt. 12.) Petitioner Betty Lee Jenkins timely objects to the R&R. (Dkt. 13.) For the reasons stated below, the Court overrules Jenkins's objection and adopts the R&R.

**BACKGROUND**

Jenkins is currently serving a 126-month term of imprisonment for conspiracy to manufacture 100 or more marijuana plants and maintaining a drug-involved premises. Her projected release date is December 14, 2023.

The First Step Act of 2018 ("FSA") directs the Department of Justice to create and offer "evidence-based recidivism reduction programs" to prisoners under the care of the Federal Bureau of Prisons ("BOP"). 18 U.S.C. § 3632(d). Prisoners are encouraged to participate in this programming through various incentives, including a sentence reduction. However, not all prisoners are eligible to earn time credits. For example, a prisoner who

1

is "the subject of a final order of removal under any provision of the immigration laws," is ineligible to apply for FSA time credits.  18 U.S.C. § 3632(d)(4)(E)(i).

Since the imposition of her sentence, Jenkins has been participating in eligible programming.  As of January 12, 2023, Jenkins had accrued 365 days of earned time credit, which is the maximum allowed.  However, in 2020, while she was accruing earned time credits, the United States Immigration Court issued Jenkins a final order of deportation to Canada.  Because of the deportation order, the BOP has refused to apply Jenkins's earned time credits to her sentence.  Jenkins petitioned for a writ of habeas corpus on February 21, 2023, seeking immediate release.  Jenkins contends that she is eligible to apply to her sentence the earned time credits that were accrued prior to a detention order being issued. Jenkins argues that, prior to the detention order, she had accrued enough earned time credits to apply to her sentence and be released.  She now seeks an order directing the BOP to apply her earned time credits to the remainder of her sentence.

The R&R recommends dismissing Jenkins's Petition.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge."  28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3).  A party's objections to an R&R must address the portions of the magistrate judge's report and recommendation to which objections are made and offer a basis for the objections.  *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 704 (D. Minn. 2015), *aff'd*, 652 F. App'x 479 (8th Cir. 2016).

The Court reviews objections that restate arguments that were made to and considered by the magistrate judge for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). In doing so, the Court does not consider evidence that was not submitted to the magistrate judge for consideration. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Jenkins is self-represented, the Court liberally interprets her objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Even when liberally construing Jenkins's objection, the Court concludes that Jenkins's objection merely repeats the argument presented in her habeas petition. For this reason, the Court reviews her objection for clear error. *Montgomery*, 98 F.Supp.3d at 1017. Jenkins's habeas petition alleges that the BOP has incorrectly refused to apply her accrued time credits to her sentence. However, as the R&R correctly notes, a prisoner with a final order of deportation is not eligible to apply accrued earned time credits to the imposed sentence. 18 U.S.C. § 3632(d)(4)(E)(i). Jenkins does not dispute that a final deportation order has been issued against her. And her argument that she should receive the earned time credits accrued prior to the deportation order lacks legal support. The plain language of the statute makes Jenkins ineligible to apply earned time credits to her sentence. The statute does not differentiate eligibility based upon *when* the deportation was ordered. Because Jenkins has a deportation order issued against her, Jenkins is ineligible to apply the earned time credits that she accrued prior to the deportation order.

Having carefully performed this review, the Court finds no clear error and adopts the R&R.  The Court, therefore, denies the Petition and dismisses this action.

## ORDER

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Petitioner Betty Lee Jenkins's objection to the April 26, 2023 Report and Recommendation, (Dkt.  13), is **OVERRULED**;

2.      The April 26, 2023 Report and Recommendation, (Dkt. 12), is **ADOPTED**; and

3.      Petitioner Betty Lee Jenkins's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. 1), is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 26, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge